UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 10-321-JBC

ANGELA SUE KINGERY,                                          PLAINTIFF,

V.                          MEMORANDUM OPINION AND ORDER

MICHAEL ASTRUE, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION,                             DEFENDANT.

* * * * * * * * * *

This matter is before the court upon cross-motions for summary judgment on Kingery's appeal of the Commissioner's denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  The court, having reviewed the record and being otherwise sufficiently advised, will affirm the decision of the Commissioner and grant the Commissioner's motion for summary judgment.

To determine whether disability exists, the Administrative Law Judge ("ALJ") conducts a five-step analysis.  See *Preslar v. Sec'y of health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.  The ALJ determined that Kingery had not engaged in substantial gainful employment since the alleged onset date of her disability in 2007 and that Kingery had severe impairment of the knees and legs, with two reconstructive surgeries to the left

1

knee for anterior cruciate ligament repair and two venous closure surgeries associated with vascular disease.  The ALJ determined that the impairments caused difficulty ambulating and would be sufficient to meet Listing 1.03 under 20 C.F.R. Part 404, Subpart P, Appendix 1.  However, the ALJ found Kingery to be non-compliant with the medical treatment that was expected to allow her to return to effective ambulation.   The ALJ then concluded that Kingery did not have a valid reason for failing to comply with treatment under 20 C.F.R. §404.1540 and 416.930.

Kingery was told by doctors to quit smoking or risk leg amputation.  She quit briefly, but soon returned to her pack-a-day habit.  She had been prescribed medication to assist with her cessation efforts, but Kingery failed to take her prescribed pills regularly because she had difficulty swallowing them.  She did not regularly wear her physician-recommended compression stockings, and she did not follow doctors' orders regarding physical therapy.  The ALJ found that Kingery was non-compliant with her recommended treatment procedures and that she failed to give an acceptable reason for her failures to comply.  As a result, the ALJ concluded that Kingery is not disabled as defined by the Social Security Act.

Kingery argues that the ALJ failed to follow SSR 82-59 in finding that Kingery failed to comply with prescribed treatment; that she failed to properly notify Kingery before she denied benefits; and that she failed to afford Kingery an opportunity to comply with prescribed treatments.

2

Judicial review of the decision of the ALJ to deny disability is limited to determining whether substantial evidence supports the decision to deny benefits and whether the proper legal standards were applied in the analysis. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

Within her argument that the ALJ did not properly follow SSR 82-59 in determining that Kingery failed to comply with prescribed treatment, Kingery specifically claims that the ALJ failed to identify which of Kingery's impairments precluded substantial gainful activity; failed to identify evidence that the prescribed treatment would have allowed a return to substantial gainful activity; and improperly found that Kingery's failure to follow treatment was not due to circumstances beyond her control.

The ALJ found that Kingery's left knee and her peripheral vascular disease, in combination, significantly limited Kingery's ability to perform basic work.  AR 17. Thus, the ALJ did identify which impairments precluded substantial gainful activity. The ALJ's determination that the prescribed treatment would have allowed a full return to substantial gainful activity was also supported by substantial evidence, including reports of progress in physical therapy sessions following her first 2007

surgery.  AR 327-37. Finally, the ALJ's determination that Kingery's failure to follow prescribed treatment was not due to circumstances beyond her control is also supported by substantial evidence.  See 20 C.F.R. §§ 404.1530(c), 416.930(c).  Kingery had difficulty completing the physical therapy prescribed by doctors because of monetary constraints and transportation issues.  But the doctors gave her alternatives that she could do at home for free.  AR 510.  As for her failure to take prescribed medication that was supposed to help her stop smoking due to her difficulty swallowing pills, Kingery could have tried alternative smoking-cessation aids.

The SSA may decide that a claimant "does not have a good reason for failing to follow treatment as prescribed. . . . However, before a determination is made, the individual . . . will be informed of this fact and its effect on eligibility for benefits." SSR 82-59.  Kingery was provided with adequate notice that her benefits would be denied for failure to comply with prescribed treatment during the ALJ hearing. AR 43, 58-59.  In the written notice of the hearing, the ALJ told Kingery:  "If you qualify for benefits based on disability, I will also decide if your disability continues.  I will consider whether there has been any medical improvement in your impairment(s) or whether one of the exceptions to medical improvement stated in the regulations applies."  AR 69.  Under 20 C.F.R. 404.1594(e)(4), failure to follow prescribed treatment is one of the exceptions to medical improvement.  At the hearing, the ALJ questioned Kingery extensively

4

about her failure to follow prescribed treatment and gave her the chance to explain or justify her non-compliance. AR 40-47, 58-69.  Following the hearing, the ALJ left the record open for forty-five days, in part to allow Kingery to submit any additional medical records or information on treatment that she might have.  This forty-five-day window afforded Kingery the opportunity to "undergo the prescribed treatment or to show justifiable cause for failing to do so" as required by SSR 82-59.

The ALJ's decision to deny benefits was based on substantial evidence.  Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (R.10) is **GRANTED** and Kingery's motion for summary judgment (R.9) is **DENIED**.


Signed on December 8, 2011

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY